121   319
150   377

In the Matter of the Application of the NIAGARA FALLS AND WHIRLPOOL RAILWAY COMPANY.

Proceedings instituted by the petitioner to acquire title to lands of J. were resisted on the ground that the petitioner was not incorporated for a public purpose and, therefore, was incapable of exercising the right of eminent domain. The Special Term having overruled the objection, both parties consented in writing to the appointment of the three commissioners named, and an order to that effect was entered, and from the order no appeal was taken. Subsequently, in proceedings instituted against other land owners, it was decided by this court (108 N. Y. 375) that the lands sought to be acquired were not for any public use; and so, that the petitioner had no power to acquire title by condemnation proceedings. Upon motion made thereafter to vacate and set aside the order appointing commissioners, *held*, that the want of power in the petitioner constituted a radical jurisdictional defect which could properly be presented by such a motion; that the fact that the land owner had agreed with the petitioner as to the particular commissioners to be appointed, was not a waiver of the right to make the motion, and so that the motion was properly granted.

(Argued April 28, 1890, decided May 9, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made January 11, 1889, which affirmed an order of Special Term vacating and setting aside a former order appointing commissioners of appraisal herein and all proceedings thereunder, and dismissing the petition.

The material facts are stated in the opinion.

*Norris Morey* for appellant. The statute confers on the Supreme Court full jurisdiction of the subject-matter of the application of the petitioner in this proceeding. (Laws of 1850, chap. 140, §§ 13, 14, 15 ; *Hunt* v. *Hunt*, 72 N. Y. 229.) The Supreme Court at Special Term had power to decide the issue made by the answer that the use to which petitioner proposed to appropriate the land, was not a public use. (Freeman on Judg. §§ 118, 122, 135; *Kinnier* v. *Kinnier*, 45 N. Y. 541; *In re D. C. Assn.*, 66 id. 569, 572; *In re U. F. Co.*,

98 id. 139, 153; *Beekman* v. *S. & S. R. R. Co.*, 3 Paige, 45 ;
*R. & S. R. R. Co.* v. *Davis*, 55 N. Y. 148; 43 id. 137; *In
re N. Y. C. R. R. Co.*, 66 id. 407 ; *In re Fowler*, 53 id. 60 ;
*In re B. & A. R. R. Co.*, Id. 574; *P. P. & C. I. R. R. Co.* v.
*Williamson*, 91 id. 552.)   The Special Term which granted
the order appointing commissioners of appraisal having heard
and decided the issue as to whether the purpose of acquiring
the lands was public, the power of the Supreme Court to
adjudicate upon that question was exhausted, except upon an
appeal from that order to the General Term of that court.
Its adjudication of that question could not be attacked collat-
erally.   (*R. & S. R. R. Co.* v. *Davis*, 55 N. Y. 148; *Kamp*
v. *Kamp*, 59 id. 215 ; *Fisher* v. *Hepburn*, 48 id. 41, 52; *In
re U. E. R. R. Co.*, 112 id. 61, 68, 69, 77, 78; *Hunt* v.
*Hunt*, 72 id. 218, 228 ; *Kinnier* v. *Kinnier*, 45 N. Y. 540 ;
*Porter* v. *Purdy*, 29 id. 106 ; *Roderigas* v. *Savings Institu-
tion*, 63 id. 460, 464; *Bangs* v. *Duckenfield*, 83 id. 592;
Cooley on Const. Lim. [5th ed.] 493, 502, 503, 504 ; *Fisher* v.
*Langbein*, 103 N. Y. 84, 90–94; *O'Connor* v. *Huggins*, 113
id. 513, 517; Mills on Em. Domain, § 323 ; *P. P. & C. I. R.
R. Co.* v. *Williamson*, 91 N. Y. 552, 559 ; *In re Cooper*, 93
id. 509 ; Redfield on Railways [5th ed.], 271 ; *Ney* v. *Sweeney*,
36 Ind. 454.)   To make an adjudication *res adjudicata* of a
pending action or proceeding, it must have been a former
judgment between the same parties and a direct adjudication
upon the same point in issue.   (*Campbell* v. *Betts*, 3 N. Y.
173 ; *Zoiller* v *Reiley*, 100 id. 102 ; Laws of 1886, chap. 455.)
The failure of the land owner to appeal from the order appoint-
ing commissioners until the time to appeal had expired, and
proceeding under the order, to the selection of commissioners,
to an extensive litigation of the amount to be awarded to her
and to an award, was a waiver of any right to object to the
right of the petitioner to apply for an order of the court to
appoint commissioners.  (Code Civ Pro. §§ 190, 1356 ; *R., etc.,
R. R. Co.* v. *Davis*, 43 N. Y. 147 ; 55 id. 148 ; *In re Fowler*,
53 id. 61; *In re Cooper*, 93 id. 507 ; *P. P. & C. I. R. R.
Co.* v. *Williamson*, 91 id. 520 ; Mills on Em. Domain, § 323 ;

*Porter* v. *Purdy*, 29 N.Y. 106; *Walker* v. *Wainright*, 16 Barb. 486, 489; *In re S. D., etc., R. R. Co.*, 67 How. Pr. 341.)

· *A. K. Potter* for respondent. The Supreme Court was without jurisdiction to make the order appointing commissioners. (*In re N. F. & W. R. Co.*, 108 N. Y. 375.) The court being without power to grant the order for want of jurisdiction of the subject of the proceeding, that defect is always available as a protection to the aggrieved party. The determination of the Special Term was void when made, and, being a nullity, may be so declared even in a collateral proceeding. (*Williamson* v. *Berry*, 8 How. [U. S.] 495; *Gilliland* v. *Sellers*, 2 Ohio St. 223; *Eaton* v. *Badger*, 33 N. H. 228; *In re City of Buffalo*, 78 N. Y. 362; *In re Dept. Public Works*, 85 id. 459; *Kamp* v. *Kamp*, 59 id. 212; *White* v. *Coulter*, 50 id. 630; *C. C. Co.* v. *Sherman*, 8 How. Pr. 243; *Crowley* v. *R. E. S. Co.*, 2 Civ. Pro. Rep. 174; 89 N. Y. 607; *A. & P. T. Co.* v. *B. & O. R. R. Co.*, 87 id. 355.) The court being without jurisdiction of the subject-matter, such jurisdiction could not be conferred by any act or agreement of either of the parties. (*Dudley* v. *Mayhew*, 3 N. Y. 12; *Burckle* v. *Eckhart*, Id. 137; *Harriott* v. *N. J. R. R. Co.*, 8 How. Pr. 284; *Brooks* v. *M. C. Co.*, 17 J. & S. 234; 18 id. 281.)

*J. L. Romer* for respondent. The petitioner.is not entitled to maintain proceedings to acquire title to real estate against the will of the owner. (Laws of 1850, chap. 140, § 1; *In re N. F. & W. R. Co.*, 108 N. Y. 375.) The objection that the petitioner has not capacity to maintain these proceedings, and that the court is without jurisdiction in the premises, are jurisdictional, and may be raised by motion; and the courts can, on motion, arrest proceedings and vacate judgments which are void for want of jurisdiction. (*Kamp* v. *Kamp*, 59 N. Y. 212; *In re City of Buffalo*, 78 id. 362; *In re Dept. Public Works*, 85 id. 459.) There was no waiver by Mrs. Townsend of any of her rights, or of any objection to the petitioner's right to take her lands. (*Avery* v. *Slack*, 17 Wend. 85; *Baldwin* v. *McArthur*, 17 Barb. 414; *Jones* v *Jones*, 13 N. Y. S. R. 838;

*Burckle* v. *Eckhart*, 3 N. Y. 137; *Dudley* v. *Mayhew*, Id. 12;
*McMahon* v. *Rauhr*, 47 id. 72; *Wheelock* v. *Lee*, 74 id. 495.)

O'BRIEN, J. This proceeding was instituted by the Niagara
Falls and Whirpool Railway Company to acquire title, under
the statute, to certain real estate of which Jane S. Townsend
was the owner or personally interested therein.

The petition for this purpose was presented to the Special
Term of the Supreme Court on the 20th of May, 1886, service
thereof having been made upon the owner of the land.

The application was resisted mainly upon the ground that
the petitioning corporation was not incorporated for a public
purpose, but to carry on a private business or enterprise, and
was, therefore, incapable of exercising the right of eminent
domain. The issues formed by the allegations of the petition
and the answer of the owner were tried by the court in June,
1886, and it was held that the taking of the lands described in
the petition for the construction and operation of the proposed
railway was a taking for a public use, and that the petitioner
was entitled to an order of the court for the appointment of
commissioners as prayed for in the petition. Thereupon an
order was entered reciting the proceedings had, stating that
the issues had been tried and decided in favor of the peti-
tioner, also that the parties consented in writing to the selec-
tion of three commissioners, naming them, to ascertain and
appraise the compensation to be made to the owner, or to the
persons interested in the lands described in the petition.

The right of the petitioner to institute and maintain the
proceedings was resisted, as thus appears, by the owner, but
after the Special Term decided against her she agreed with
the petitioner in the selection of commissioners to appraise
the land. After various hearings the commissioners made
their report in February, 1888, fixing the value of the land
at $7,500. Both parties appeared before the commissioners
by counsel and litigated the question of value, and no appeal
was taken from the order of the Special Term appointing the
commissioners.

In December, 1886, like proceedings were instituted by the railway company to acquire title to certain lands owned by DeVeaux college, and the proceedings were resisted upon the same grounds as in the present case, and with the same result at Special Term. The General Term, however, reversed the order upon the ground that the notice required by the statute had not been given to all the parties over whose lands the proposed road was to pass, and, therefore, the Special Term was without jurisdiction. Upon an appeal to this court by the corporation from the order of the General Term in the proceedings to take the lands of DeVeaux college, it was held that the railroad company was a mere private enterprise and that the lands sought to be acquired under the proceedings were not for any public use. (*In re Niagara Falls & Whirlpool R. Co.*, 108 N. Y. 375.)

As the time within which the owner of the lands in the present case to appeal from the order appointing commissioners had probably expired, there was no way in which she could procure the benefit of the decision of this court in favor of her contention, made in another case, except by a motion to vacate and set aside the order appointing the commissioners, and all their proceedings. This motion was made upon the original papers, and an affidavit showing the proceedings had under the order, and a copy of the opinion of this court in the proceedings to take the land of DeVeaux college. The Supreme Court at Special Term granted the application to vacate the order and all the proceedings under it, and this decision has been affirmed at the General Term.

This appeal presents no question now except the right of the owner of the property to attack the order appointing commissioners, and the proceedings thereunder by a motion to set the same aside instead of appealing therefrom. It is contended in behalf of the petitioner that inasmuch as no appeal was taken from the order it cannot be attacked by motion or in any collateral proceeding. At the time the court at Special Term was asked to vacate the proceedings it had been adjudged that the petitioner had no power to acquire

land by condemnation proceedings, or to exercise the right of eminent domain. It followed from this that the corporation had no power to file the petition or to institute the proceedings, and the court had no power to entertain the same. This constituted a radical jurisdictional defect in the proceedings, which could properly be presented to the court by motion to vacate and set aside the entire proceedings on the ground that they were unauthorized by law. It is true the Special Term had already decided that the use for which the corporation acquired the land was public, within the meaning of the Constitution, and, therefore, that it had power to entertain the proceedings and appoint the commissioners. But this, we think, was no answer to the application to vacate after the legal question had been settled otherwise. There does not seem to be any good objection, upon principle, to this practice, and it is sanctioned by authority. (*In re City of Buffalo*, 78 N. Y. 362; *In re Dept. of Public Works*, 85 id. 459; *Kamp* v. *Kamp*, 59 id. 212.)

The fact that the land owner, after being defeated in her contention at the Special Term, agreed with the petitioner as to the particular commissioners to be selected, was not, we think, a waiver of any right that she had to appeal from the order appointing them, or to move to set it aside, as having been made without authority.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.