In the Matter of the Application of THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK Relative to Acquiring Title, etc., to THE GRAND BOULEVARD AND CONCOURSE, under Chapter 130 of the Laws of 1895.

ROBERT MCCAFFERTY, Claimant and Appellant; THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*New York city — an objection that too much land was taken in a street opening — it is not available upon a motion to confirm the report of the commissioners — proper remedy of the property owner.*

The commissioners of estimate and assessment, in determining the damages sustained by a property owner for land taken by the city of New York for the laying out of "The Grand Boulevard and Concourse," under the provisions of chapter 130 of the Laws of 1895, have no authority to pass upon the regularity or validity of the proceedings in any way, or upon the right of the city to take the whole or any part of the land specified in the order appointing them; and on an application to confirm their report it is not a good ground of objection on the part of a property owner that the street as taken exceeds in width the number of feet specified in section 3 of said act.

The remedy of a property owner desiring to attack the right of the city to acquire title to land for the purpose of the street, in excess of the number of feet specified in said section, is to move to vacate or modify the order under which the commissioners act.

The right of an interested property owner, under section 965 of the Consolidation Act (Chap. 410, Laws of 1882), as amended by chapter 660 of the Laws of 1898, to have a proceeding of this nature amended, by causing property affected thereby to be excluded, or other property to be included therein, must be exercised at a proper time and in a proper proceeding instituted for that purpose; it cannot be exercised in a collateral way, as, for example, in a proceeding for the confirmation of the commissioners' report.

APPEAL by Robert. McCafferty, claimant and owner, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of February, 1897, as confirms, so far as it relates to his property proposed to be taken in the proceeding, the first partial and separate report of the commissioners of estimate and assessment as amended.

*Henry A. Gumbleton,* for the appellant.

*John P. Dunn,* for the respondent.

McLAUGHLIN, J.:

Appeal from an order confirming the report of commissioners of estimate and assessment in so far as it determined the damages sustained by the appellant for land taken by the city of New York for the purpose of laying out and improving a public street, called " The Grand Boulevard and Concourse." The proceeding to lay out the street was instituted by the publication and posting of notices in accordance with the provisions of chapter 130 of the Laws of 1895. At the time stated in the notices, commissioners were duly appointed to estimate and assess the value of the land proposed to be taken, and to fix and determine the damages sustained by the respective landowners by reason thereof. Thereafter the commissioners, in pursuance of the direction contained in the order appointing them, fixed and determined the damages sustained by the appellant, and made a report of their proceedings to the court. The report was confirmed, and this appeal is taken from the order of confirmation. The appellant contends that, inasmuch as the Legislature, in authorizing the improvement (§ 3, chap. 130, Laws of 1895), provided that the street in question should not exceed 182 feet in width, the city had no power to take, and did not acquire, title to a portion of the land assumed to be taken and

included in the report of the commissioners, because by so doing the width of the street exceeds the limit authorized by the statute. It is conceded by the city that the land proposed to be taken from the appellant makes the street at this point more than 182 feet in width, but it insists that it had a right to acquire title to this additional piece under and by virtue of the statute authorizing the opening of the street, and, if it did not, that any defect in the proceeding was thereafter cured by chapter 712 of the Laws of 1896. The appellant contends that chapter 712 of the Laws of 1896, in so far as it attempts to confer power on the city to acquire land in excess of 182 feet mentioned in the statute of 1895, is unconstitutional.

We are of opinion that the appellant cannot, on appeal from the order of confirmation, question and have determined the right of the city to take the land referred to. The commissioners were appointed for a specific purpose, and they could do that and nothing else. They had no authority to pass upon the regularity or validity of the proceedings in any way, or the right of the city to take the whole or any part of the land specified in the order appointing them. The only duty devolving upon them was to take proof of the value of the land designated, and fix and determine the damages to be awarded the respective owners. Having done just what the order directed, the only question that is presented on an appeal from the order of confirmation, is whether they discharged their duties, in making the award, in accordance with recognized legal rules governing proceedings of this character, and that they did does not seem to be questioned. It follows that the appellant is not in a position, at this time, to question the right of the city to acquire title to the land for the purposes mentioned in excess of 182 feet in width. This was the view taken by the Court of Appeals (*Matter of Department of Public Parks*, 85 N. Y. 459). In that case, which was an appeal from an order confirming the report of commissioners of estimate and assessment, as here, Judge EARL observed : " The report of the commissioners was final, only as to the matters which they were called upon to determine. They had no right to pass upon any questions relating to the regularity or validity of the proceeding or the constitutionality of the act under which the proceeding was instituted, and such questions, therefore, remain unaffected by their report, and the confirmation

makes the report final only as to the matters submitted to the commissioners and by them determined."

Applying the principle laid down by the Court of Appeals in the case just cited to the one at bar, it seems clear that the order must be affirmed. In reaching this conclusion we have not overlooked that portion of section 965 of the Consolidation Act (Chap. 410, Laws of 1882, as amended by chap. 660 of the Laws of 1893), which reads as follows : " Said court shall have power at any time to amend any defect or informality in any special proceedings   *  .*  *  or to cause property affected thereby to be excluded, or other property to be included therein by amendment   *   *   *." This statute undoubtedly gives the party interested the right at any time to have a proceeding of this nature amended by causing property affected thereby to be excluded or other property included therein. But the right thus afforded must be exercised at a proper time and in a proper proceeding, instituted for that purpose. It cannot be done in a collateral way, or in the manner here sought. The reason is obvious. The commissioners have made a report of the value of the entire land to be taken. There is nothing to indicate the value placed by them upon the land included within the 182 feet, or upon that which exceeded it.

If the appellant desire to attack the right of the city to acquire title to land for the purposes mentioned in excess of the 182 feet, then he should move to vacate or modify the order in that regard. (*Matter of Niagara Falls & Whirlpool Railway Co.*, 121 N. Y. 319.)

It follows that the order appealed from must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.